UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SIDNEY V. NICHOLSON,<br>Plaintiff,<br>v.<br>LEE CANYON SKI LIFTS, INC., a Nevada corporation; and POWDR CORPORATION, a Utah corporation,<br>Defendants. | Case No. 2:26-cv-02384-JAD-EJY<br>**ORDER** |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP application is complete and granted below. Plaintiff's Complaint is dismissed without prejudice and with leave to amend.

## I. Screening Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship*

*v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II. Discussion**

Plaintiff sues her former employer asserting sexual harassment, sex discrimination, hostile work environment, and retaliation claims under Title VII of the 1964 Civil Rights Act, as amended. What Plaintiff does not state is that she exhausted her administrative remedies before filing her Complaint. More specifically, Plaintiff fails to allege what claims, if any, she brought before the Nevada Equal Rights Commission ("NERC") or Equal Employment Opportunity Commission ("EEOC") before she brought her claims to the Court. Further, even if Plaintiff filed a charge of discrimination with NERC or the EEOC, she does not state she received a right to sue letter. Thus, Plaintiff does not demonstrate exhaustion of her administrative remedies.

"Exhausting administrative remedies by filing a timely charge with the EEOC or the appropriate state agency is a statutory pre-requisite for an employee to pursue litigation under both Title VII …." *Ramirez v. Kingman Hosp. Inc.*, 374 F.Supp.3d 832, 854 (D. Ariz. 2019); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099-1100 (9th Cir. 2002) (a plaintiff must exhaust administrative remedies by filing a timely EEOC or state agency charge, and allegations not included in a charge "may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge") (citations and internal quotation marks omitted), *abrogated on other grounds by Fort Bend County, Texas v. Davis*, 587 U.S. 541 (2019); *Law v. Desert Boilers & Controls, Inc.*, Case No. 2:25-cv-02204-CDS-EJY; 2025 WL 3192916, at *1 (D. Nev. Nov. 13, 2025) (a right to sue letter must be received before bringing claims to the Court) (internal citations omitted). Because Plaintiff fails to demonstrate exhaustion of her

administrative remedies, her Complaint is dismissed without prejudice. However, the Court finds Plaintiff may be able to cure this deficiency and, therefore, orders leave to amend.

## III. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that the Clerk of Court must file Plaintiff's Complaint on the docket.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, she must do so no later than **August 31, 2026**.

IT IS FURTHER ORDERED that if Plaintiff files an amended complaint it must be titled "AMENDED COMPLAINT." The amended complaint must include all facts that support Plaintiff's claims and state all claims she is raising. Plaintiff cannot rely on her original Complaint as upon filing of an amended complaint, the original Complaint no longer has any force or effect. Plaintiff's amended complaint must also plead facts demonstrating she filed a charge of discrimination alleging discrimination asserting harassment, sex discrimination, hostile work environment, and retaliation and that she received a right to sue letter from the EEOC or NERC. Plaintiff must demonstrate she filed her original Complaint no later than 90 days after she received the right to sue letter. If Plaintiff has not filed a charge of discrimination and received a **right to sue** letter, she cannot proceed **before** this Court.

IT IS FURTHER ORDERED that Plaintiff's failure to timely file an amended complaint and establish she can proceed before the federal court will result in a recommendation that this matter be dismissed.

Dated this 12th day of August, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE