UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SIDNEY V. NICHOLSON,<br>Plaintiff,<br>v.<br>LEE CANYON SKI LIFTS, INC., a Nevada corporation; and POWDR CORPORATION, a Utah corporation,<br>Defendants. | Case No. 2:26-cv-02384-JAD-EJY<br>**ORDER** |

Before the Court is Plaintiff's Amended Complaint. ECF Nos. 8. Plaintiff's *in forma pauperis* application was granted by the Court on August 12, 2026. ECF No. 4 at 3. The Amended Complaint is screened under the same standard applied to Plaintiff's original Complaint. *Id*. at 1-2.

## II. Discussion

Plaintiff sues her former employer asserting sex discrimination, sexual harassment, hostile work environment, and retaliation claims under Title VII of the 1964 Civil Rights Act, as amended. In the Amended Complaint Plaintiff demonstrates she filed a Charge of Discrimination with the Equal Employment Opportunity Commission and received her Right to Sue on May 5, 2026. ECF No. 8 at 12. Thus, Plaintiff pleads sufficient facts to demonstrate exhaustion of her administrative remedies.

Albeit stated as two claims, Plaintiff's Counts I and III are one and the same. To state a prima facie sexual harassment, hostile work environment claim a plaintiff must plead facts demonstrating that she experienced (1) conduct of a sexual nature, (2) the conduct was so severe or pervasive as to alter the terms and conditions of her working environment, and (3) the conduct was unwelcomed. *Brooks v. City of San Mateo,* 229 F.3d 917, 924 (9th Cir. 2000); *Ellison v. Brady*, 924 F.2d 872, 875 (9th Cir. 1991). Plaintiff pleads sufficient facts to state this combined claim as described in paragraphs 17, 18, 19, 24, 27, 28, and 29 of the Amended Complaint. ECF No. 8 ¶¶ 17-19, 24, 27-29.

To state a sex discrimination claim arising from disparate treatment a plaintiff must plead (1) she belongs to a protected class, (2) she performed her job duties according to her employer's legitimate expectations, (3) she was subjected to an adverse employment action, and (4) similarly situated individuals outside her protected class were treated more favorably. *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1220 (9th Cir. 1998) (internal citations omitted). In support of this claim Plaintiff alleges she was disproportionately assigned physically demanding tasks regardless of the availability of other staff who could also handle these duties. ECF No. 8 ¶ 23. Plaintiff further contends she was "one of the only women on her team" and was singled out because of her sex. *Id.* Based on Plaintiff's allegations it appears there was at least one other woman on her team who was not assigned the tasks about which she complains. However, reasonably and liberally construed, Plaintiff pleads these assignments were adverse, men on her team were not assigned these tasks, and she was otherwise performing her job satisfactorily. Thus, while this is a close call, the Court finds Plaintiff pleads sufficient facts to state a disparate treatment claim.

To state a prima facie claim of retaliation Plaintiff must plead (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse action. *Cohen v. Fred Meyer, Inc.,* 686 F.2d 793, 796 (9th Cir. 1982). Here, Plaintiff pleads she reported sexual harassment on October 15, 2022, immediately after which she was threatened with termination, she lost a previously offered position, and she was subject to a higher level of scrutiny and confrontation by one of the harassers despite being assured the harasser was instructed not to approach her. ECF No. 8 ¶¶ 31-34. These allegations are sufficient to state a retaliation claim that may proceed in court.

**III. Order**

Accordingly, IT IS HEREBY ORDERED that all causes of action presented in Plaintiff's Amended Complaint may proceed against Defendant.

IT IS FURTHER ORDERED that the Clerk of Court must issue a summons for Lee Canyon Ski Lifts, Inc. and delivery the same to the U.S. Marshal Service together with a copy of this Order and Plaintiff's Amended Complaint (ECF No. 8).

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff one USM-285 form, which Plaintiff must complete to the best of her ability and return by **September 28, 2026** to:

Marshal Schofield
U.S. Marshal, District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. S., Suite 2058
Las Vegas, Nevada 89101

Plaintiff is advised to review the Nevada Secretary of State Business Entity Search website for Defendant's registered agent upon whom her Amended Complaint should be served.

IT IS FURTHER ORDERED that the U.S. Marshal Service must attempt service on Defendant no later than twenty-one (21) days after it receives the USM-285 from Plaintiff. Service must include the summons, the Amended Complaint, and a copy of this Order.

IT IS FURTHER ORDERED that Plaintiff's failure to timely return the USM-285 form will delay service of her Amended Complaint and may result in dismissal of this action.

Dated this 8th day of September, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE