UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SIDNEY V. NICHOLSON,<br>Plaintiff,<br>v.<br>LEE CANYON SKI LIFTS ; POWDR CORPORATION,<br>Defendants. | Case No. 2:26-cv-02384-JAD-EJY<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff initiated this lawsuit on August 3, 2026 with an application to proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP application was granted; however, her Complaint was dismissed without prejudice and with leave to amend. ECF No. 4. Shortly thereafter, mail sent by the Court was returned as undeliverable. ECF No. 6. On August 24, 2026 the Court entered an order requiring Plaintiff to file an updated address no later than September 14, 2026. ECF No. 7. This Order included a warning that Plaintiff's failure to do so could result in a recommendation to dismiss the matter without prejudice. *Id.*

Plaintiff filed an Amended Complaint on August 31, 2026, but this filing used the same address Plaintiff previously provided and from which mail had been returned as undeliverable. *Compare* ECF No. 8 at 10 *and* ECF No. 6 at 1. In an effort to prevent dismissal, the Court entered a second Order explaining that Plaintiff needed to update her address to include an apartment number so that mail sent by the Court could be delivered. ECF No. 9. Plaintiff was again warned that a failure to update her address could result in a recommendation to dismiss her case in its entirety. *Id.*

Despite the above, the Court screened Plaintiff's Amended Complaint allowing all claims to proceed. ECF No. 10. The Order also instructed Plaintiff to complete and return a USM 285 form no later than September 28, 2026. ECF No. 10. As of the date of this Recommendation, Plaintiff has not filed an updated address, has not returned a completed USM 285 form, and has not otherwise communicated with the Court.

District courts have the authority to dismiss a case based on a party's failure to prosecute or as the result of a failure to obey a court order. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order, courts consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See*, *e.g.*, *Thompson*, 782 F.2d at 831; *Ferdik*, 963 F.2d at 1260–61.

Here, Plaintiff has either decided to abandon this matter or has moved forgetting that she initiated this lawsuit. The Court has limited resources to expend on chasing a plaintiff for responses to its Orders. Thus, the Court finds the first two factors are best served by a dismissal without prejudice. The third factor, risk of prejudice to defendants, also favors dismissal because a presumption of injury arises from unreasonable delay in prosecuting an action and or filing a pleading ordered by the court. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The public policy interest in disposition of cases on their merits (the fourth factor) is outweighed by the other factors in favor of dismissal. Finally, the warnings to Plaintiff that her failure to obey the Court's order could result in dismissal satisfies the "consideration of alternatives" requirement. *See*, *e.g.*, *Ferdik*, 963 F.2d at 1262. Indeed, because the Court lacks a reliable way to communicate with Plaintiff, any order imposing lesser sanctions "would only find itself taking a round trip tour through United States mail." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed without prejudice, but without leave to amend based on her failure to comply with Court Orders.

DATED this 2nd day of October, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).